IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 2012 BUSY BEES CORPORATION AND § | | |
| STAR WHOLESALE, INC. § | | |
|    *Plaintiffs,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 5:17-cv-1008 |
| § | | |
| ALLIED PROPERTY AND CASUALTY § | | |
| INSURANCE COMPANY AND § | | |
| DAVID K. KAAPRO § | | |
|    *Defendants.* § | | |

## NOTICE OF REMOVAL

Defendants Allied Property and Casualty Insurance Company and David Kaapro ("Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned Cause No. 2017CI16729; 2012 *Busy Bees Corporation and Star Wholesale, Inc. v. Allied Property and Casualty Insurance Company and David K. Kaapro*; in the 45th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1.  Plaintiffs 2012 Busy Bees Corporation and Star Wholesale, Inc. (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2017CI16729, in the 45th Judicial District of Bexar County, Texas on August 31, 2017 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2.  Defendants appeared and answered on October 6, 2017, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendants' Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 45th Judicial District of Bexar County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.   Diversity of Parties**

7. Plaintiffs have pled that "Plaintiff is a Texas resident who resides and conducts business in BEXAR County." *See* **Exhibit A**, ¶ 1. Plaintiffs 2012 Busy Bees Corporation and Star Wholesale, Inc. are both domestic corporations organized under the laws of the state of Texas, with principal places of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Plaintiffs are citizens of the State of Texas.

8. Allied Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Iowa.

9. Defendant David Kaapro is a resident of the State of Utah, and maintains his domicile in the State of Utah. Pursuant to 28 U.S.C. § 1332(a), therefore, Kaapro is a citizen of the State of Utah.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

11. Plaintiffs' Original Petition states that Plaintiffs seek "monetary relief over $200,000 but not more than $1,000,000." *See* Plaintiffs' Original Petition, **Exhibit A**, ¶ 5. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition.

12. Plaintiffs further seek compensation for 18% penalty interest, attorney's fees and pre and post-judgment interest. *See* **Exhibit A**. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

13. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND DAVID KAAPRO**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 9th day of October, 2017 to:

Marc K. Whyte                                            *9414 7266 9904 2061 9337 66*
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
mwhyte@whytepllc.com
jsaenz@whytepllc.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp

4